IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Helen Johnson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-225 |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| Commissioner Carl Danberg, ) | |
| First Correctional Medical ) | |
| Services, Dr. Rogers, Warden ) | |
| Thomas Carroll, Capt. C.Segars,) | |
| Unknown Named Correctional ) | |
| Officers assigned building 19. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Helen Johnson, administrator of the Estate of Jackie Johnson, and does hereby complain against the above-captioned Defendants as follows:

### Jurisdiction and Venue

1.  This action is brought, in part, pursuant to 42 U.S.C., Section 1983 for deprivation of plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 U.S.C. Sections 1331 and 1343.  The claims asserted herein arose in the District of Delaware, and venue is therefore proper under 28 U.S.C. Section 1391(b);

2.  Plaintiff Helen Johnson is the administrator of the Estate of Jackie Johnson;

3.  Defendant Carl Danberg is, and for all time pertinent hereto, Commissioner of the Department of Correctional, State of Delaware;

4. First Correctional Medical Services, were contracting agency for State of Delaware and Department of Corrections to provide medical services for inmates housed under their jurisdiction;

5. Dr. Rodger is, and for all times pertinent hereto, was employee of First Correctional Medical Services, and assigned to Delaware Correctional Center;

6. Thomas Carroll, is and for all times pertinent hereto, warden, Delaware Correctional Center, Smyrna, Delaware;

7. C. Segars is, and for all times pertinent hereto, was employed as captain assigned security housing units, including building 19, Delaware Correctional Center;

8. Unknown, is and for all times pertinent hereto, officers assigned building 19 at Delaware Correctional Center;

9. Jackie Johnson died at the Delaware Correctional Center in Smyrna, Delaware on April 7, 2005.

10. At the time of his death, Jackie Johnson, who suffered with severe epileptic condition, housed in building 19 security housing unit ("SHU") were not constantly mointored. There was often shortage of staff in aforemention unit.

11. Jackie Johnson, was serving life sentence for rape.

12. It was known by Dr. Rogers and First Correctional Medical, plaintiff Johnson had history of epileptic seizures and constantly falling-out, some of the aforemention falls from top bunks.

13. The defendants, were all aware of history of plaintiff, informed by family member housed in same facility. Members of

family outside facility constantly calling in attempt to have plaintiff moved from security unit. The aforemennton due to failure of staff to constantly observe/monitor plaintiff.

14. There were several occassions plaintiff had seizure and laid on floors for hour at a time. Inmates assigned same area constantly kicked of their doors, to secure correctional staff's attention.

15. Correctional staff assigned this unit, often remained in area office for hours at time, playing computer games or on internet.

16. There wasn't any policy by department for hosuing inmates in security housing unit with severe medical problems. Inmates housed in this unit, remained in cell 23 hours per day.

17. The conditions in security housing unit much hasher than condition in general population.

18. Department never advise promply of plaintiff's death, nor informed nature of death until May 16, 2005 after constantly calling office of medical examiner.

19. There were constant request by family to medical staff including (Dr. Rogers) assigned area, removed plaintiff from security housing unit. We were constantly informed security issue and there was nothing could do.

20 Department of Corrections staff, constantly informed various family members. The medical department had not stated need for deceased, by medical be removed from area.

21. There were constant request last being June, 2005 by family members to have incident investigated by Internal Affairs unit of the Department of Corrections. These request were ignored, informed wait until medical examiner's cause of death.

22. Todate, have several request too Office of the Medical Examiner, yet receive copy of autopsy report.

24, Defendants Department of Corrections, First Correctional Medical Services, Dr. Rogers, Warden Carroll, Capt. Segars, and unknowned named officers assigned building 19., and others knew Plaintiff faced a substantial risk of serius injury, the aforemention and other were deliberately indifferent to the known risk of substantial injury.

25. Defendants deliberate indifference was a proximate cause cause of Plaintiff's death.

26. Defendants Department of Corrections, First Correctional Medical Services, failed to adequately train and supervise their employee, agents and other working on their behalf;

## CAUSES OF ACTION

<u>Count 1-26 U.S.C. Section 1983 & Eighth Amendment</u>

27. Plaintiffs realleged and incorporated by reference each and every allegation in paragraphs 1 through 26;

28. Defendants, and each of them, acting under color or state law, violated Jackie Johnson's Eighth Amendment rights against cruel and unusual punishment by placing in administrative segregation with severe medical problem and failed too monitor;

## Count2 - 42 U.S.C. 1983 & Eighth Amendment

29. The Defendants, in concert with each other and with other employees and/or agents of the Department of Corrections, conspired for the purpose of subjecttng Mr. Johnson to cruel and unusual punishment in violation of his Eighth Amemdment Rights;

30. The Defendats engaded in all of the overt acts alleged in this complaint, and other, in furtherance of the conspiracy;

31. The overt acts engaged in by the Defendants are evidence of an agreement among the Defendants and they were related to the promotion of the conspiracy.

## Count 3 - 42 U.S.C. & 1986

32. The Defendants had knowledge that the wrongs conspired to be done were about to be committed by one or more of the other defendants and/or other employees or agents of the Department of Corrections;

## Count 4 - Outrageous Conduct

33. Defendants faild in their duty to provide secure environment and standard of care to which Plaintiff was entitled.

WHEREFORE, Plaintiff demands a jury trial on the foregoing complaint and prays this Honorable Court to award the Estate damages, including punitie damages as justice requires.

Dated: April 20, 2007

Respectfully submitted,

_[signature: Helen M. Johnson]_

HELEN JOHNSON
112 Parma Avenue
Overview Gardens
New Castle, DE  19720

UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

Helen Johnson,           )
                         )
          Plaintiff,     )
                         )
                         )          Civil Action No. _____
Commissioner Carl Danberg, )
et al.                   )          APPLICATION TO PROCEED
                         )          WITHOUT PREPAYMENT OF
          Defendants.    )          FEES AND AFFIDAVIT

I, Helen Johnson declare that I am the plaintiff in the above-entitled proceeding: that in support of my request to proceed without prepayment of fees or cost under 28 U.S.C. 1915, I declare that I am unable to pay the cost of these proceedings and that I am entitled to the relief sought in sought in the complain.

1. 1. I am currently employed part-time
   a. My rate of pay: $9.78
   b. Name of employer and rate of pay: $9.78
   DeLAWARR Senior Center - 19 Lambson Lane, NewCastle, DE

2. In the past 12 months have not received any money from below listed sources:
   a. Business, profession or self employment  yes/**no**
   b. Rent payment, interest or devidnends    yes/**no**
   c. Pensions, annuties or life insurance     yes/**no**
   d. Disability or worker compensation        yes/**no**
   e. Gifts or inheritances                    yes/**no**
   f. Any other sources

3. Do you have cash or checking/checking or saving accounts                              **yes**/no
4. Do you own any real estate, stock, bonds, securities, other financial instrument, automobiles or other valuable property                        yes/**no**

4. Names of paerson denendent of me for support, and relationship. Mrs. Cora R. Johnson - Mother
   Braheem Wilson - Nephew

I declare under penalty of perjury that the above information is true and correct.

_Helen Johnson_
Helen Johnson

# Affidavit

I, Andre D. Johnson submits this affidavit on behalf of (deceased Brother) Jackie Johnson. On or about April 7, 2005 Jackie A. Johnson; while housed in Unit 19 (D/C Lower 4) S.H.U., was discovered dead.

I've spoken to several Residents that where housed in Unit 19 with the deceased and said Residents alerted security personnel to check on Jackie. The C/O's upon checking on Jackie, realized he was dead. The names of these Residents, Affiant will submit to the Honorable Court when appropriate!

Based on the condition of the deceased, Affiant learned that Jackie had been dead for approximately 16 hours, before discovered. According to the Institutions S.O.P. (Standard Operational Procedure) the C/O's are suppose to check on all cells - Residents every 30 minutes. S.O.P. also requires that the Officer making the rounds, make a phone punch. The phone punch consist of a few numbers being dialed which is recorded, confirming that an officer at least came on the tier for cell inspection.

For years prior to Jackie's death, Jackie informed Affiant that the precribed medication was actually inducing the seizures. Affiant assisted the deceased in the filing of countless medical grievances about the effects of the medication. Affiant further assisted Jackie in the filing of complaints to the Commissioner (Stan Taylor), the Warden (Thomas Carroll and the formal; Warden: Robert Snyder), all to no avail. Medical never addressed the issues that were raised in the grievances. The Commissioner, nor the Warden interceded to assist the deceased in acquiring the necessary medical treatment

(1)

Affiant has written Medical and security personnel informing them I was Jackie's Brother and very much concerned! Medical AND Security staff was forwarded confimation of affiant being the deceased Brother but continued to ignore affiants plea to assist Jackie.

As Jackie's physical condition deteriorated he became easily agitated. Because of the daily seizures, the injuries sustained by the constantly falling from the Top bunk; Jackie's breathing made it difficult for him to walk without leaning on the wall(s). Despite Jackies apparent illness the medical Department and security personnel continued to sanction Jackie being housed on the Top bunk. Their are several Residents that where housed with Jackie who would testify about Him constantly falling from the top bunk.

The more Jackie insisted on being provided adequate medical treatment, the more security transfered him to the S.H.U. — Isolation. Transfering residents to the S.H.U. is a common practice, for security in avoiding the addressing of a problem. More evidence of this assertion is that of affiant. On or about 4-8-06 affiant sent the Deputy Warden a Letter outlining alot of the problems (Rapes, murders, thefts AND Abuses) that has resulted here at D.C.C. because of the absence of a Housing criterion!!! Residents are wrecklessly housed, regardless of their mental, emotional or psychological state. Residents without mental illness's are housed with those seriously disturbed and residents with a propensity for violence are housed with the most fragile.... In short, Affiant was arbitrarily moved to the S.H.U., despite no incident or a single write-up in 6 years ?? Check affiants file!

Because of Jackies illness, he should not been housed where staff apparently was not paying attention to the Residents Locked in-down.

One time while housed in Unit 21, Jackie and I was housed on the same tier. In one week Jackie fell out the top bunk and busted his arm and Head. He went to medical and was given a bandad and returned back to the tier. I personally witnessed injuries Jackie suffered from the seizures/Falls. Institutional Records can confirm that the two of us were housed together. Jackie kept some records and names of those that denied him medical treatment but the Department took his paper-work during a shake down.

Another time while Jackie was housed in Unit 21 he had a seizure and was placed in a wheel Chair and put in the nurses station in Unit 21. I was currently employed as an E-crew (Janitor) and I stood right outside the nurses station and watched Medical do nothing but set and steer at Jackie in the wheel Chair? I didn't say he was my Brother because the policy prohibits residents from speaking to staff unauthorized......... so after about ten minutes I motioned-gestured to one of the medical staff about rather he (Jackie) was alright. The nurse actually stepped out and told me that this guy always fall out but their is nothing they could do. again, a check of the Record/File will show that affiant was employed as an E-crew worker while in Unit 21. I will provide the Courts with the nurses name at the appropriate time.

Affiant asserts that Jackies death was the direct Result of medicals - negligence. years of neglect by medical the wrong medication, coupled with the constant falls from the top Bunk; resulted in Jackies death. Unfortunately, the security staff to whom have no knowledge - experience are permitted to dictate to medical about a Residents Level of treatment recieved....... this is preposterous.

(3)

I declare under the penalty of perjury that the above is true and correct to the best of my knowledge. I've painfully witnessed my Brother's deterioration over the past ten years, due to medical neglect. Jackie told me countless times about the shortness of breath, pains in his chest and that of numerious arguments with medical over issues.

Because of Jackies failing health, Jackies appetite would only permit him to eat once a day. We set togather during meals while - when housed on the same tier and I tried daily to encourage him to force the food down. The times he forced the food down, by time he reached the cell, he was throwing the food back up!

Jackie was no physical threat and the average officer that worked around Jackie, could confirm that a slight push and he'll be on his <u>butt</u>! Jackies condition necessitated a constant medical watch. For security to place Jackie in <u>Unit 19</u>, where Residents only come out their cells for an hour 3-times per week; was equivalent to a death sentence.

Jackies death was not an isolated tragedy But a clear pattern practice of medical-security neglect. Death Certificate attached.

Date: 4-12-07

_____
Notary

_____
Andre D. Johnson #117593
Affiants Signature
1181 Paddock Rd, D.C.C.
Smyrna, De. 19977

(4)

07-225

JS 44 (Rev. 11/04)          CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: Helen M. Johnson

**DEFENDANTS**: Commissioner Cal Danberg, First Correctional Medical Services, Warden Thomas Carroll, Capt. C. Seagers, Kevin Officers - BHG 19

**(b)** County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number): (302) 655-2847
Helen M. Johnson
112 Parma Ave., New Castle, DE, 19720

Attorneys (If Known):

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
- Citizen of This State: PTF ☒1 DEF ☐1 — Incorporated or Principal Place of Business In This State ☐4 ☐4
- Citizen of Another State: ☐2 ☐2 — Incorporated and Principal Place of Business In Another State ☐5 ☐5
- Citizen or Subject of a Foreign Country: ☐3 ☐3 — Foreign Nation ☐6 ☐6

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**: Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Brother died from lack of medical attention

**VII. REQUESTED IN COMPLAINT**: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**: (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/27/07     SIGNATURE OF ATTORNEY OF RECORD: Helen M. Johnson

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 7-225

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____7____ COPIES OF AO FORM 85.

_____4/26/07_____     _____Helen M. Johnson_____
(Date forms issued)      (Signature of Party or their Representative)

_____Helen M. Johnson_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action