IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELEN M. JOHNSON, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 07-225-JJF |
| | : |
| COMMISSIONER CARL DANBERG, | : |
| FIRST CORRECTIONAL MEDICAL | : |
| SERVICES, DR. ROGERS, WARDEN | : |
| THOMAS CARROLL, CAPT. C. | : |
| SEGARS, and UNKNOWN NAMED | : |
| CORRECTIONAL OFFICERS ASSIGNED: | |
| BUILDING 19, | : |
| | : |
|     Defendants. | : |

Helen M. Johnson, Pro se Plaintiff, New Castle, Delaware.

**MEMORANDUM OPINION**

July 3, 2007
Wilmington, Delaware

**Farnan, District Judge**

  Plaintiff Helen Johnson ("Johnson") is the administrator of the estate of Jackie Johnson who was an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware. She filed this civil rights action pursuant to 42 U.S.C. § 1983. She appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

  For the reasons discussed below, the Court will dismiss the case without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

  Plaintiff filed this Complaint on April 26, 2007. (D.I. 2.) Plaintiff alleges that Jackie Johnson, who suffered from a severe epileptic condition, died at the DCC on April 7, 2005. She alleges Defendants' deliberate indifference to Jackie Johnson's serious medical needs was a proximate cause of his death. She also alleges Defendants violated Jackie Johnson's right to be free from cruel and unusual punishment, Defendants acted in concert and conspired to violate Jackie Johnson's constitutional rights, conspired against Jackie Johnson in violation of 42 U.S.C. § 1986, and engaged in "outrageous conduct" when they failed in their duty to provide a secure environment and standard of care for Jackie Johnson. Plaintiff asks the Court to award the estate of Jackie Johnson compensatory and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

There is a two year statute of limitations period for § 1983 claims. See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." Id. Claims not filed within the two-year statute of limitations period are time-

barred and must be dismissed.  See Smith v. State, Civ. No. 99-440-JJF, 2001 WL 845654, at *2 (D. Del. July 24, 2001).  The Complaint alleges that as a result of Defendants' actions, Jackie Johnson died on April 7, 2005, while housed at the DCC.  The Complaint was filed on April 26, 2007, nineteen days after the expiration of the two year limitations period.

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised.  See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986).  "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible."  Wakefield v. Moore, No. 06-1687, 2006 WL 3521883, at *1 (3d Cir. Dec. 7, 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).  It is evident from the face of the Complaint that Plaintiff's § 1983 action is barred by the two year limitations period.  Therefore, the Complaint is dismissed pursuant to 28 U.S.C. § 1915.

IV. CONCLUSION

Based upon the foregoing analysis, the Complaint is dismissed as barred by the applicable limitations period pursuant

to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d Cir. 2002); <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.